972 F.2d 1346
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael A. PODMENIK, Defendant-Appellant.
 No. 90-10377.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 17, 1992.*
Decided Aug. 18, 1992.
 
 Before FLETCHER, POOLE and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 * Michael Podmenik and three co-defendants were convicted of four charges arising from an attempt to smuggle approximately 20,000 pounds of Thai Marijuana into the United States aboard the fishing vessel Pyrgos. Podmenik argues that the district court imposed a "blanket" prohibition on recross examination in violation of his Sixth Amendment right to a fair trial. He also argues that the district court erred in admitting evidence of the weight of a truckload of marijuana under the business records exception to the hearsay rule. We affirm.
 
 II
 A. RECROSS EXAMINATION
 
 3
 During trial, the judge stated in response to a request by counsel for a co-defendant to recross, "Go back and sit down. I don't allow recross." Later, when counsel for another co-defendant asked, "Would you allow recross?" the judge replied, "No, I wouldn't." However, in at least one instance the judge explicitly based his refusal to allow recross on the fact that no new material had been raised on redirect. Also, counsel for Podmenik never asked to recross examine a witness. However, Podmenik now asserts that the trial judge's responses to requests for recross denied him his Sixth Amendment right to confront his accusers because they constituted an "arbitrary blanket prohibition" of recross examination. Because an examination of the record reveals that no new evidence was brought out during redirect examination of the witnesses against Podmenik, any erroneous denial of his right to recross examine was harmless.
 
 
 4
 To determine whether Podmenik was prejudiced by the alleged erroneous denial of recross, we evaluate the case against him as if the testimony not subject to recross were stricken. See United States v. Vargas, 933 F.2d 701, 709 (9th Cir.1991). The only new material that Podmenik argues was brought out on redirect is the testimony of Rex Olander (the engineer on board the Pyrgos ) regarding the implausibility of a small fishing vessel hiring a full-time cook. This testimony was apparently intended to call into question Podmenik's defense that he was unwittingly duped into joining the smuggling expedition and believed that he was joining the crew as cook on an innocent commercial fishing trip.
 
 
 5
 Olander, as the only government witness who was actually aboard the Pyrgos, was an important witness in the case against Podmenik. However, his redirect testimony was cumulative, being only a reiteration of the theme of his direct testimony that Podmenik was a knowing and willing participant in the smuggling conspiracy. Specifically, Olander had already testified that the Pyrgos was not set up for fishing and had no operating refrigeration system; that Podmenik had no commercial fishing skills or experience as a cook at sea; and that Podmenik had described his function in the venture as "cubing," or packing the marijuana on the vessel as efficiently as possible, for which he expected to be paid $100,000. All of this testimony was subject to cross-examination.
 
 
 6
 In light of Olander's direct testimony, his redirect testimony was not particularly damning. Indeed, it represented an insignificant component of the government's very strong case against Podmenik. Even if Olander's redirect testimony were stricken, there was more than enough evidence by which a jury could find Podmenik guilty.
 
 
 7
 B. ADMISSION OF EVIDENCE UNDER THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE
 
 
 8
 Podmenik also asserts that the district court improperly admitted into evidence, under the business records exception to the hearsay rule, a weighmaster's certificate as proof of the weight of a truckload of marijuana. He argues the certificate was not kept in the weighmaster's ordinary course of business and that the contents of the truck were never proven to be marijuana. As no prejudice could have resulted from this alleged error, we also reject this argument.
 
 
 9
 Ray Ferreira, a certified weigh master whose employer occasionally weighed vehicles for law enforcement, testified at trial that he had personally weighed the marijuana-filled truck brought in by the Santa Cruz Sheriff's Department and determined that its contents weighed 7,020 pounds. Mr. Ferreira was a percipient witness entirely qualified to offer this testimony. Even if the document at issue (which Mr. Ferreira prepared) was erroneously admitted into evidence, the information it contained was already properly before the jury. There was no prejudice.
 
 
 10
 Podmenik's other argument--that the contents of the truck were never proven to be marijuana--is belied by the record. Lt. Tracy of the Santa Cruz Sheriff's Office testified that he observed the marijuana being loaded into the trucks, followed them to the weigh station, and observed the weighing process.
 
 
 11
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 Hon. John Conway, United States District Judge for the District of New Mexico, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3